**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>JOSE VICENTE CASTRO,<br>Defendant. | Case No.: 2:25-cr-00840-MEMF-10<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PRETRIAL DETERMINATION OF SECTION 851 PROCEDURE AND PROTECTION OF GUILT-PHASE JURY [DKT. NO. 358]** |

Before the Court is Defendant Jose Vicente Castro's Motion for Pretrial Determination of Section 851 Procedure and Protection of Guilt-Phase Jury. Dkt. No. 358 ("Motion"). This Motion is set for hearing on November 19, 2026. For the reasons set forth herein, this Court GRANTS Defendant's Motion IN PART.

## I. Background

On October 16, 2025, Defendant Castro was indicted on one count of racketeering (Count One) and one count of conspiracy to knowingly and intentionally distribute controlled substances, and possession of controlled substances with intent to distribute (Count Two). Dkt. No. 85 ¶¶ 1, 23 ("Indictment"). Paragraph 22 of the Indictment lists 131 overt acts committed in furtherance of the conspiracy. *Id.* ¶ 22. The Indictment also includes two sentencing allegations as to Castro which state that prior to committing the conspiracy offense, Castro had been convicted of conspiracy to distribute and to possess with intent to distribute controlled substances on April 10, 2012, for which he served a term of imprisonment of more than twelve months. *Id.* ¶¶ 127-28.

On October 12, 2026, Castro moved for a pretrial order identifying the procedure for any enhancement the government seeks under 21 U.S.C. § 851, in connection with Count Two, based on the prior conviction alleged at paragraphs 127-128 of the Indictment. Motion. On November 5, 2026, the Government filed its opposition to the Motion. Dkt. No. 383 ("Opposition"). In its Opposition, the Government advised that it does not necessarily oppose a second phase of Castro's trial to address the sentencing enhancement, but opposes the Motion on the ground that it is premature. Opposition.

## II. Discussion

Castro makes two requests in his Motion: (1) that the Court establish a procedure pursuant to Section 851(c)(1) and (2) that the Court handle the sentencing enhancement in a second phase, only if Castro is found guilty.

With respect to the Section 851(c)(1) proceeding, any objections to the allegations regarding the prior conviction (and any response) shall be filed on the same timeline as motions in limine. The parties shall meet and confer in advance of the filing of the objections in attempt to narrow the objections or agree on further proceedings.

With respect to a second phase of the trial, it appears the parties agree that the jury must determine whether Castro has suffered a prior conviction that meets the requirements of Section 851 and that if the evidence that the Government would present in support of this finding is otherwise irrelevant or inadmissible in Castro's trial, it should be presented in a separate phase. The parties

shall meet and confer and to the extent that they do not agree that this should be handled in a second phase, Castro shall file a motion in limine requesting a second phase at the same time that the other motions in limine are due.

## III. Conclusion

For the foregoing reasons, the Motion is GRANTED IN PART:

1. The parties shall meet and confer concerning Castro's objections under Section 851(c)(1) and regarding the necessity and logistics of a second phase concerning any sentencing enhancement.
2. Castro's objections under Section 851(c)(1) and any response thereto shall be filed on the same timeline as motions in limine.
3. Castro's request for a second phase and any response thereto (or the parties' joint stipulation as to the logistics of such a phase) shall be filed on the same timeline as motions in limine.

IT IS SO ORDERED.

Dated: November 16, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge