O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>SALVATORE ANTHONY NANIA, et al.,<br><br>Defendant. | Case No.: 2:25-cr-00840-MEMF-10<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE SURPLUSAGE [DKT. NO. 357]** |

Before the Court is Defendant Jose Vicente Castro's Motion to Strike Surplusage from Indictment, and Alternative Motion to Redact Jury Copy and for Pretrial Evidentiary Ruling. Dkt. No. 357 (the "Motion"). For the reasons stated herein, the Court hereby GRANTS the Motion IN PART.

## I. Background

On October 16, 2025, Defendant Castro was indicted on one count of racketeering and one count of conspiracy to knowingly and intentionally distribute controlled substances, and possession of controlled substances with intent to distribute. Dkt. No. 85 ¶¶ 1, 23 ("Indictment"). Paragraph 22 of the Indictment lists 131 overt acts committed in furtherance of the conspiracy. *Id.* ¶ 22. The

Indictment also includes two sentencing allegations as to Castro which state that prior to committing the conspiracy offense, Castro had been convicted of conspiracy to distribute and to possess with intent to distribute controlled substances on April 10, 2012, for which he served a term of imprisonment of more than twelve months. *Id.* ¶¶ 127-28.

On October 12, 2026, Castro moved to strike from the indictment Overt Acts One through Three, *id.* ¶ 22, and the sentencing allegations, *id.* ¶¶ 127-28. Motion. In the event the Court does not strike the sentencing allegations, Castro requests that the Court direct that "no unredacted copy [of the Indictment] be read, displayed, or given to the guilt-phase jury." *Id.* at 12.

On October 21, 2026, the Parties filed, Dkt. No. 363, and on October 27, 2026, the Court approved, a stipulation to strike Overt Acts One through Three in paragraph 22 of the Indictment as to Castro. Dkt. No. 376. Because the parties had apparently not reached an agreement as to the request in Castro's Motion to Strike Surplusage, Dkt. No. 357, to strike the sentencing allegation concerning him in paragraphs 127-128, the Court ordered the Government to file its opposition or statement of non-opposition to that request by November 5, 2026, pursuant to the Pretrial Motion Schedule at Dkt. No. 330. The Government did not file an opposition to the Motion.

## II. Applicable Law

"[L]anguage that describes elements beyond what is required under statute is surplusage and need not be proved at trial." *Bargas v. Burns*, 179 F.3d 1207, 1216, n.6 (9th Cir. 1999); *see also United States v. Fernandez*, 388 F.3d 1199, 1220 (9th Cir. 2004) ("Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.") (quoting *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994)).

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The purpose of a motion to strike under [Rule] 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010) (quoting *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988)). The remedy is discretionary. *Terrigno*,

838 F.2d at 373. And relevant factual allegations may remain even when the defendant disputes them or regards them as prejudicial. *Laurienti*, 611 F.3d at 546-47.

## III. Discussion

In his Motion, Castro makes two requests: (1) to strike to strike from the indictment Overt Acts One through Three, *id.* ¶ 22, and (2) to strike the sentencing allegations, *id.* ¶¶ 127-28.

The Court handled the first request in its Order granting the stipulation to strike Overt Acts One through Three, Dkt. No. 376, DENYING AS MOOT the instant Motion's request as to the same.

The Court understands that the second request is unopposed as the Government did not file an opposition as ordered. See Dkt. No. 376. The Court understands that the request to strike is based in part on an assumption that the charging document shall be provided to the jury; the Court notes that it is not this Court's practice to provide the charging document to the jury. Nevertheless, because the Motion is unopposed, the Court grants the request.

## IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion to Strike, Dkt. No. 357, is GRANTED IN PART.
2. Nothing in this Order limits either Party's arguments concerning the advisory Sentencing Guidelines calculation (offense level, drug quantity, role, and criminal history) or the sentencing factors under 18 U.S.C. § 3553(a), or the use of defendant Castro's April 9, 2012 convictions for criminal history scoring under Chapter Four of the Sentencing Guidelines or under 18 U.S.C. § 3553(a)(1).
3. The Clerk shall provide a copy of this Order to the United States Probation and Pretrial Services Office.

IT IS SO ORDERED.

Dated: November 16, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge